UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------------------

Chana Hecht                                                         **CLASS ACTION**
                                                                    **COMPLAINT**
                              Plaintiff,

    -against-

Sunrise Credit Services, Inc.

                              Defendant.

-------------------------------------------------------------------------

## COMPLAINT FOR VIOLATIONS
## OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff brings this action on her own behalf and on behalf of all others similarly situated for damages arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1. This action seeks redress for the illegal practices of Defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2. This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in this District. Additionally, Plaintiff resides in this District.

4. Plaintiff is a resident of the State of Connecticut and resides in Fairfield County.

5. Plaintiff is a "Consumer" as that term is defined by § 1692(a)(3) of the FDCPA

1

in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

6. Upon information and belief, Defendant is an active New York company located in Nassau County.

7. Defendant is regularly engaged in the collection of debts allegedly owed by consumers.

8. Defendant is thus a "Debt Collector" as defined by § 1692(a)(6) of the FDCPA.

9. Defendant violated §§ 1692e, 1692e(11), and 1692g.

10. Plaintiff received an initial written communication from the Defendant in the form of a letter (Exhibit A). The letter includes a validation notice, as required by § 1692g. However, there is a portion of the letter in Spanish, which reads:

> Si usted desea hablar con alguien en español, favor de llamar al numero gratuito de 1-888-866-9170.

In English, this translates to:

> If you wish to speak to someone in Spanish, please call toll free 1-888-866-9170.

*Translation from http://translate.google.com*

This is the only part of the letter in Spanish. The Defendant has chosen in its attempt to collect debts, to target the Spanish speaking consumer and has failed to give any of the required notices in Spanish. To the Spanish speaking consumer the letter is an invitation to call and speak to someone in Spanish, wihtout first having been made aware of the required legal notices, namely the validation notice and the Mini-Miranda that the communication is an attempt to collect a debt and that any information will be used for that purpose.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal

Rules of Civil Procedure (hereinafter "FRCP"), on behalf of Plaintiff and all consumers and their successors in interest (the "Class") in the State of Connecticut who have received a letter that is materially identical to the one Plaintiff received from the Defendant as of one year prior to the filing of Plaintiff's complaint until 20 days thereafter.

12. Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

13. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

14. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, 40 or more persons in the State of Connecticut have received similar notices from the Defendant, which violate various provisions of the FDCPA.

15. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692e(11) and 1692g.

    b. Whether Plaintiff and the Class have been injured by the defendant's conduct; and

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

16. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

17. Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

18. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

19. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights.

20. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

21. Plaintiff re-alleges and incorporates herein all foregoing paragraphs as if set forth in full.

22. Upon information and belief, the letter is a form notice sent by Defendant to the Plaintiff.

23. Written communications in connection with the collection of a consumer debt, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

24. § 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

25. § 1692e(11) specifically addresses the disclosure of a debt collector's identity in communications with a consumer. It is a violation if a debt collector fails to "disclose in the

initial written communication with the consumer…that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."

26. Section 1692g(a) requires the debt collector to give the consumer various information and notice of certain rights within five days of its initial communication with the consumer.

27. Defendant violated §§ 1692e, 1692e(11), and 1692g by initiating communication with the consumer in Spanish without also stating in Spanish that the communication was from a debt collector and any information would be used for that purpose, and failing to include a validation notice in Spanish.

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action for the State of Connecticut and certifying Plaintiff as Class representative;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class costs of this action, including reasonable attorneys' fees and expenses; and

d) Awarding Plaintiff and the Class such further relief as the Court may deem just and proper.

Dated: Cedarhurst, New York
       July 27, 2010

Plaintiff requests trial by jury on all issues so triable

_____
Lawrence Katz
445 Central Avenue Suite 201
Cedarhurst, New York 11516
Telephone (516) 374-2118
Facsimile (516) 706-2404

# **EXHIBIT A**



PO Box 9100
Farmingdale, NY 11735-9100
Return Service Requested

**Sunrise Credit Services, Inc.**
P.O. Box 9100
Farmingdale, NY 11735-9100
1-800-645-9624 • Fax 631-501-8534



Hours: Monday through Friday 8 AM - 11 PM
Saturday 8 AM - 4 PM

Chana Hecht
Norwalk CT

March 8, 2010

CLIENT: Bank Of America Card Services
ACCOUNT NUMBER: 

ACCOUNT BALANCE  :$
OTHER CHARGES   :$
BALANCE DUE     :$

DEAR Chana Hecht:

OUR CLIENT HAS PLACED YOUR ACCOUNT WITH US. EXPERIENCE HAS PROVEN THAT COLLECTION ACTION IS NECESSARY WHEN A DEBTOR DOES NOT RESPOND.

THEREFORE, YOUR ATTENTION IS IMPORTANT AND MAY AVOID FURTHER COLLECTION FOLLOW UP.

FOR INFORMATION CONCERNING YOUR ACCOUNT, CALL ME TOLL FREE AT 866-891-3260.

SI USTED DESEA HABLAR CON ALGUIEN EN ESPAÑOL, FAVOR DE LLAMAR AL NUMERO GRATUITO DE 1-888-866-9170.

SUNRISE CREDIT SERVICES, INC.

Mr. Sharpe Ext 2023

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

PLEASE REFER TO REVERSE SIDE FOR IMPORTANT INFORMATION

--------- Please detach and return lower portion with payment ---------   PAGE 1 OF 1

CLIENT: Bank Of America Card Services
ACCOUNT NUMBER: 

ACCOUNT BALANCE :$
OTHER CHARGES   :$
BALANCE DUE     :$


Chana Hecht
Norwalk CT

Sunrise Credit Services, Inc.
PO Box 9100
Farmingdale, NY 11735-9100

CT1